**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Lack, | ) No. CV 06-2204-PHX-MHM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph M. Rustick, | ) |
| Defendant. | ) |

Currently before the Court is Plaintiff Larry Lack's motion for entry of default judgment pursuant to Rule 55(a) of the Federal Rule of Civil Procedure ("FRCP") (Dkt. #13) and Defendant Joseph Rustick's motion to dismiss Plaintiff's complaint pursuant to FRCP 12(b)(6).  (Dkt. #11).  After reviewing the pleadings and determining that oral argument is unnecessary, the Court issues the following order.

## I. **Background**

On September 15, 2006, Plaintiff filed a complaint asserting the following claims against Defendant: (1) correction of inventorship of U.S. Patent No. 5,831,202 (the "'202 patent") pursuant to 35 U.S.C. § 256; (2) conversion; (3) unfair competition; (4) unjust enrichment; (5) punitive damages; and (6) breach of contract.  Specifically, Plaintiff alleges that he invented a new muzzle for an automatic weapon that uses a gas expansion

1   chamber to feed the weapon's gas drive mechanism; that he licensed his invention to

2   Defendant but later terminated that license because Defendant failed to use his best

3   efforts to manufacture and market the invention; and that thereafter, unbeknownst to

4   Plaintiff, Defendant wrongfully patented Plaintiff's invention and began to manufacture

5   and market the invention.

6       A summons was issued as to Defendant, and on October 13, 2006, Defendant

7   waived service of the summons.  And in his waiver, Defendant stated that the parties had

8   agreed – in order to allow for time to consider settlement – that Defendant would have an

9   open-ended period of time in which to file his answer to Plaintiff's complaint.

10      No further action was taken until March 12, 2007, when U.S. District Judge James

11  Teilborg held a hearing as to why the Court shouldn't dismiss the case for failure to

12  prosecute.  After the hearing, Judge Teilborg issued an order stating that the Court would

13  dismiss the case without prejudice on April 17, 2007, unless "there [was] activity in the

14  case indicating an attempt to prosecute."

15      On April 17, 2007, Plaintiff filed a notice that stated that "Plaintiff hereby gives

16  notice of his intent to prosecute the action."  The notice also stated that Defendant's open

17  extension to file his answer was withdrawn, and that Defendant's answer was due no later

18  than April 26, 2007.

19      Around that time, Judge Teilborg recused himself and the case was reassigned to

20  the undersigned.  In his recusal order, Judge Teilborg noted that although Plaintiff's April

21  17, 2007 notice seemed to state otherwise, the Court had not approved any extension of

22  time for Defendant to answer Plaintiff's complaint.

23      Then, on April 26, 2007, Defendant filed a motion to dismiss Plaintiff's complaint

24  pursuant to FRCP 12(b)(6).  And on May 1, 2007, Plaintiff filed a motion for entry of

25  default pursuant to FRCP 55(a).

26  //

27  //

28

1

II. **Motion for Entry of Default**

2        Default judgment is generally disfavored, and a court should, whenever possible,

3  decide a case on the merits.  E.g., Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir.

4  1974); Cmty. Dental Serv. v. Tani, 282 F.3d 1164 (9th Cir. 2002) (stating that judgment

5  by default is an extreme measure).  To obtain default judgment under FRCP 55, a party

6  must follow a sequential two-step process – (1) obtain entry of default from the Clerk of

7  the Court pursuant to Rule 55(a);  and then (2) move the Court for default judgment

8  pursuant to Rule 55(b).  See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986)

9  (discussing the two-step process).  Specifically, Rule 55(a) states that "[w]hen a party

10  against whom a judgment for affirmative relief is sought has failed to plead or otherwise

11  defend . . . the clerk must enter the party's default."

12        Plaintiff filed his motion for entry of default after Defendant filed his motion to

13  dismiss.  Thus, Defendant did not fail to plead, and Plaintiff's subsequent motion for

14  entry of default is moot.  However, Plaintiff argues that Defendant's motion to dismiss is

15  untimely and thus the Court should recharacterize Defendant's motion to dismiss as a

16  motion to set aside an entry of default under Rule 55(c), a motion to set aside entry of

17  default is appropriate only after default has been entered under Rule 55(a).  But default

18  has not been entered in this case, and thus there is no basis on which to recharacterize

19  Defendant's motion to dismiss.

20        Moreover, Plaintiff did not comply with the procedural requirements of FRCP 55 –

21  Plaintiff did not seek entry of default from the Clerk of the Court pursuant to Rule 55(a)

22  before moving the Court for default judgment pursuant to Rule 55(b)(2).  Instead,

23  Plaintiff asks the Court to direct the Clerk to enter default against Defendant pursuant to

24  Rule 55(a).  But that's not what Rule 55(a) provides for; and the Court will not

25  circumvent the two-step process specified in FRCP 55.  Default judgment under these

26  circumstances would be an extreme and inappropriate measure.  Thus, the Court denies

27  Plaintiff's motion for entry of default and the case will proceed on the merits.

28

1

III**. Motion to Dismiss**

2  "The motion to dismiss for failure to state a claim is viewed with disfavor and is

3  rarely granted." Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir.

4  1997).  The Court will not dismiss a complaint unless it appears beyond a doubt that the

5  plaintiff can prove no set of facts that would entitle him to relief.  Morley v. Walker, 175

6  F.3d 756, 759 (9th Cir. 1999).

7  In determining whether a complaint states a claim, all allegations of material fact

8  are taken as true and construed in the light most favorable to the nonmoving party.  Wyler

9  Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998).

10  However, the Court is not required to accept as true allegations that contradict matters

11  properly subject to judicial notice; and that are merely conclusory, unwarranted

12  deductions of fact, or unreasonable inferences.  See Sprewell v. Golden State Warriors,

13  266 F.3d 979, 988 (9th Cir. 2001).

14  An inquiry into the adequacy of the evidence is improper when deciding whether

15  to dismiss a complaint for failure to state a claim.  Enesco Corp. v. Price/Costco, Inc., 146

16  F.3d 1083, 1085 (9th Cir. 1998).  And as a general rule, "a district court may not consider

17  any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  Lee v. City of

18  Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).  However, a district

19  court may consider material that is properly submitted as part of the complaint, as well as

20  documents that are not physically attached to the complaint as long as their authenticity is

21  not contested and the plaintiff's complaint necessarily relies on them.  Id.  In addition, the

22  Court may take judicial notice of "matters of public record outside the pleadings."  Id. at

23  689 (citing MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)).  But the

24  Court may not take judicial notice of a fact that is "subject to reasonable dispute."

25  Fed.R.Evid. 201(b).

26  Defendant asks that the Court dismiss Plaintiff's complaint for the following

27  reasons: (1) Plaintiff failed to prosecute the case and/or comply with Judge Teilborg's

28  March 12, 2007 order; (2) Plaintiff's correction of inventorship claim under 35 U.S.C.

1  §256 is barred by the application of the doctrines of laches and equitable estoppel; (3)

2  Plaintiff's state law claims are barred by the relevant statutes of limitation; (4) Plaintiff

3  failed to state a claim on which relief may be granted under 35 U.S.C. §256; and (5)

4  Plaintiff failed to plead with particularity under FRCP 9(b).

5

6                                    A. **Failure to Prosecute**

7          Defendant asks that the Court dismiss Plaintiff's complaint because Plaintiff's

8  April 17, 2007 notice allegedly did not comply with Judge Teilborg's March 12, 2007

9  order stating that the case would be dismissed on April 17, 2007, unless there was activity

10  in the case that indicated an attempt to prosecute.  In addition, Defendant's motion to

11  dismiss belittles Plaintiff's April 17, 2007 notice both for attempting to withdraw

12  Defendant's open extension to file his answer and for attempting to unilaterally set the

13  due date for Defendant's answer.

14          The Court notes that Plaintiff filed his motion for entry of default in response to

15  Defendant's request that the case be dismissed for failure to prosecute.  Plaintiff's motion

16  states that the open extension for Defendant to answer the complaint was given as a

17  courtesy, and that if Defendant now is going to argue that the extension was invalid for

18  lack of prosecution, then the Court indeed should find that the extension was invalid.  But

19  Plaintiff also argues that the Court should then go on to find that Defendant's motion to

20  dismiss is untimely pursuant to Rule 12(a) and thus Plaintiff is entitled to entry of default

21  under Rule 55(a).

22          This contentious procedural bickering between the parties must stop now.  The

23  facts are clear.  Defendant timely waived service of his summons under Rule 4(d).  And

24  in his waiver, Defendant stated that the parties had agreed to an open-ended period of

25  time for Defendant to file his answer in hopes that the parties might reach a settlement.

26  However, the Federal Rules of Civil Procedure were not placed on hold by the parties'

27  hopes of settlement.  In order to extend the defendant's time to file his answer, the

28  defendant must move the Court for an extension; and Defendant did not do so in this case.

1   Thus, under Rule 12(a)(1)(B), Defendant had 60 days after the request for waiver was

2   sent to respond to Plaintiff's complaint.  Defendant did not file an answer within that

3   time; and thus three months later Judge Teilborg held a hearing as to why the Court

4   shouldn't dismiss the case for failure to prosecute since Plaintiff hadn't sought default

5   judgment against Defendant based on Defendant's failure to answer the complaint.

6       Based on the March 12, 2007 hearing, Judge Teilborg issued an order stating that

7   the Court would dismiss the case on April 17, 2007, unless there was activity in the case

8   that indicated an attempt to prosecute the case.  And on April 17, 2007, Plaintiff filed a

9   notice with the Court that he intended to prosecute the case.  Plaintiff's notice stated that

10  Defendant's open extension to file his answer was withdrawn and that Defendant's

11  answer was due by April 26, 2007.  As previously discussed, there is no such thing as an

12  "open extension to file an answer" under the FRCP; and a party does not have the

13  authority to grant or withdraw such an extension.  Further, a party does not have the

14  power to unilaterally set a due date for another party's pleadings.  Nonetheless, it was the

15  parties' manifest intention to allow Defendant an extended time period to file his answer;

16  and viewed in that light, the Court finds that Plaintiff's April 17, 2007 notice was a

17  reasonable interpretation of Judge Teilborg's March 12, 2007 order.  Thus, the Court

18  denies Defendant's motion to dismiss for failure to prosecute and/or comply with Judge

19  Teilborg's March 12, 2007 order; and the Court will now address the substantive parts of

20  the motion to dismiss.

21

22                          B. **Laches & Equitable Estoppel**

23      The doctrines of laches and equitable estoppel are affirmative defenses that may be

24  asserted against a claim of joint ownership under 35 U.S.C. §256.  See MCV, Inc. v.

25  King-Seeley Thermos Co., 870 F.2d 1568 (Fed. Cir. 1989); see also Advanced

26  Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 988 F.2d 1157 (Fed. Cir. 1993).

27  Laches and equitable estoppel are equitable defenses that are committed to the sound

28

1  discretion of the Court.  <u>A.C. Aukerman Co. v. R.L. Chaides Constr. Co.</u>, 960 F.2d 1020,

2  1028 (Fed. Cir. 1992) (en banc).

3

4  1. **Judicial Notice**

5  As an initial matter, Mr. Rustic asks that the Court take judicial notice of U.S.

6  Patent No. 5,831,202 (the "'202 patent"); the parties' April 28, 1992 "Business and

7  License, Royalty Agreement"; and Plaintiff's January 27, 1997 letter purporting to

8  terminate that agreement.  The Court takes judicial notice of these documents because

9  Plaintiff's complaint relies on them and the parties do not dispute their validity; and also

10 the '202 patent is a matter of public record.

11 Mr. Rustic also asks that the Court take judicial notice of copies of various pages

12 from two magazines that purportedly feature the invention embodied in the '202 patent.

13 However, the Court is wary of taking judicial notice of copies of various pages from

14 different magazines when the entire articles referenced, let alone the entire magazines, are

15 not presented to the Court.  And regardless, the Court can only take judicial notice of the

16 fact that the pages were published; the Court can not take judicial notice of the contents of

17 the article.  As such, the Court will take judicial notice only of the fact that the pages that

18 were submitted to the Court were published.

19

20 2. **Laches**

21 Laches applies when a defendant establishes the following by a preponderance of

22 the evidence: (1) the plaintiff delayed filing suit for an unreasonable and inexcusable

23 length of time after the plaintiff knew or reasonably should have known of his claim(s)

24 against the defendant; and (2) that delay prejudiced or injured the defendant.  <u>Aukerman</u>,

25 960 F.2d at 1028; <u>Intertool, Ltd. v. Texar Corp.</u>, 369 F.3d 1289, 1297 (Fed. Cir. 2004).

26 The period of delay is measured from when the plaintiff had actual or constructive

27 knowledge of the claim.  <u>Advanced Cardiovascular</u>, 988 F.2d at 1163.  "Absent actual

28 knowledge, the facts must support a duty of inquiry"; and constructive knowledge

1    imposes a duty of reasonable diligence on the plaintiff.  Id. at 1162.  To determine

2    whether the plaintiff had constructive knowledge of the claim, the plaintiff is charged

3    with "such knowledge as he might have obtained upon inquiry, provided the facts already

4    known by him were such as to put upon a man of ordinary intelligence the duty of

5    inquiry."  Johnston v. Standard Min. Co., 148 U.S. 360, 370 (1893).  As such, the plaintiff

6    "who is negligently or willfully oblivious to sales, marketing, publication, public use, or

7    other conspicuous activities of potential infringement cannot later claim his lack of

8    knowledge as justification for escaping the application of laches."  Wanlass v. Gen.

9    Electric Co., 148 F.3d 1334, 1338-39 (Fed. Cir. 1998).

10       A presumption of unreasonable delay arises if the plaintiff delays filing suit for six

11   years after the plaintiff had actual or constructive knowledge of his claim(s) against the

12   defendant.  Leinoff v. Louis Milona & Sons, 726 F.2d 734 (Fed. Cir. 1984).  However,

13   even when that presumption applies, the defendant still bears the burden of persuasion to

14   prove laches; that burden does not shift.  Aukerman, 960 F.2d at 1038.  And even if the

15   defendant establishes undue delay and prejudice, laches remains an equitable judgment

16   for the Court to make.  Id.

17       In this case, the application for the '202 patent was filed on March 21, 1997, and

18   the patent was issued on November 3, 1998.  However, Plaintiff did not file his complaint

19   until September 15, 2006; and his explanation for the delay is that he had neither actual

20   nor constructive knowledge of the '202 patent and his claims against Defendant until

21   February 2005.  (Decl. Larry Lack ¶1).  Defendant, on the other hand, contends that (1)

22   Plaintiff had constructive knowledge of the '202 patent because it was issued and became

23   a matter of public record on November 3, 1998; and (2) in the alternative, Plaintiff had

24   constructive knowledge of the '202 patent since at least January 2002 because the

25   products embodied in the '202 patent have been marketed and promoted since that time.

26       First, the date of issuance of a patent does not establish the plaintiff's constructive

27   knowledge of the patent.  Advanced Cardiovascular, 988 F.2d at 1168 ("[T]he district

28   court erred, as a matter of law, in measuring [the plaintiff's] delay from the date of

1   issuance of the patent, in the absence of proof that [the plaintiff] knew or should have

2   known that the patent had issued."). Thus, the mere fact that the '202 patent was issued

3   on November 3, 1998, does not establish that Plaintiff had constructive knowledge of the

4   patent since that time.

5       Second, Defendant contends that Plaintiff had constructive knowledge of the '202

6   patent and his claims against Defendant since January 2002 because that's when the

7   magazine pages that were submitted for judicial notice were published. But as previously

8   mentioned, the Court takes judicial notice only of the fact that the submitted pages were

9   published. And from that fact Defendant asks that the Court draw the following

10  inferences: (1) the product discussed in the magazine pages is the product embodied in

11  the '202 patent; and (2) the product in the '202 patent has been vigorously marketed in

12  magazines with national circulation. However, the Court declines to draw such

13  inferences at this time. Defendant has not supplied the Court with any basis on which to

14  infer either that the products discussed in the magazine pages are the same as the product

15  embodied in the '202 patent or that the two magazines are  nationally circulated

16  magazines. Further, even if the Court were to draw such inferences, Defendant does not

17  cite the Court to any cases in support of his contention that the mere publication of two

18  articles in two nationally-circulated magazines is enough to impute constructive

19  knowledge of the '202 patent to Plaintiff. Thus, the Court finds that Defendant has not

20  established that Plaintiff had actual or constructive knowledge of the '202 patent or his

21  claims against Defendant prior to February 2005. As such, the Court finds that Defendant

22  has not established undue delay under the doctrine of laches.

23

24                              3. **Equitable Estoppel**

25      Equitable estoppel applies when a defendant establishes the following by a

26  preponderance of the evidence: (1) the plaintiff, through misleading conduct, led the

27  defendant to reasonably infer that the plaintiff did not intend to bring a claim against the

28  defendant; (2) the defendant relied on that conduct; and (3) due to his reliance, the

1   defendant will be materially prejudiced if the plaintiff is allowed to proceed with his

2   claim(s).  Aukerman, 960 F.2d at 1041.  "Misleading conduct" may include specific

3   statements, action, inaction, or silence where there is a duty to speak.  Id. at 1042.

4   However, when misleading conduct is based on inaction, the " inaction must be combined

5   with other facts respecting the relationship or contacts between the parties to give rise to

6   the necessary inference that the claim against the defendant is abandoned."  Id.

7          Defendant asks that the Court estop Plaintiff from asserting his claims against

8   Defendant based on the following facts: (1) the parties entered into a license agreement in

9   1992; (2) the '202 patent was issued to Defendant in 1998; (3) the product embodied in

10  the '202 patent was vigorously and nationally marketed ; and (4) Plaintiff didn't bring his

11  claims against Defendant until 2005.  Defendant basically contends that he reasonably

12  inferred that Plaintiff didn't intend to assert a claim against him because of the parties'

13  previous relationship and the fact that Plaintiff didn't file his complaint until well after

14  Defendant obtained the '202 patent and allegedly marketed the product embodied in the

15  '202 patent.  Thus, Defendant contends that Plaintiff's inaction constitutes misleading

16  conduct.  But as discussed in the previous section, when the alleged misleading conduct is

17  based on inaction, that inaction must be coupled with facts regarding the relationship or

18  contact between the parties that necessarily give rise to an inference that the plaintiff

19  abandoned his claim(s) against the defendant.

20         But aside from the 1992 license agreement that was purportedly terminated in

21  1997, prior to the issuance of the '202 patent, Defendant alleges no other relationship or

22  contact with Plaintiff.  The issuance of the '202 patent and the marketing of the product

23  embodied in the '202 patent do not constitute contacts with Plaintiff; and because

24  Defendant has not established that Plaintiff was actually or constructively aware of the

25  '202 patent or the marketing of the product embodied in the '202 patent, those facts have

26  no bearing on the Court's estoppel analysis.  Plaintiff's alleged inaction after the '202

27  patent was issued in 1998 is coupled with no relationship or contact with Defendant.

28  Thus, there is no basis on which Defendant could have reasonably inferred that Plaintiff

1    did not intend to assert a claim against him; and as such, the Court finds that Defendant

2    has not established that Plaintiff engaged in misleading conduct as required under the

3    doctrine of equitable estoppel.

4

5                                        C. **State Law Claims**

6            Federal courts sitting in diversity are required to apply state statutory and common

7    law.  Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).  If an action is barred by the

8    applicable state statutes of limitation, dismissal pursuant to Rule 12(b)(6) is appropriate.

9    Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

10           Defendant contends that Plaintiff's state law claims are barred by the following

11   Arizona statutes of limitation: (1) tort actions must be brought "within two years after the

12   cause of action accrues," A.R.S. §12-542 (2007); (2) "[a]ctions other than for recovery of

13   real property for which no limitation is otherwise prescribed shall be brought within four

14   years after the cause of action accrues," A.R.S. §12-550 (2007); and (3) breach of

15   contract actions must be "commenced and prosecuted within six years after the cause of

16   actions accrues."  A.R.S. §12-548 (2007).

17           However, Arizona courts apply the discovery rule to determine when statutes of

18   limitation begin to run.  Sato v. Van Denburgh, 123 Ariz. 225, 227 (1979) (applying the

19   discovery rule to a tort cause of action); Gust, Rosenfeld & Henderson v. Prudential Ins.

20   Co. of America, 182 Ariz. 586 (1995) (extending the discovery rule to contract causes of

21   action).  Under the discovery rule, "a plaintiff's cause of action does not accrue until the

22   plaintiff knows or, in the exercise of reasonable diligence, should know of the facts

23   underlying the cause [of action]."  Gust, Rosenfeld & Henderson, 182 Ariz. at 588.  In

24   other words, under Arizona law, a cause of action accrues when the plaintiff has actual or

25   constructive knowledge of the facts underlying his cause of action.

26           As discussed in Section III(B)(2), Defendant has not established that Plaintiff had

27   actual or constructive knowledge of the '202 patent or the facts underlying his claims

28   against Defendant prior to February 2005.  Thus, taking Plaintiff's allegation – that

1  Plaintiff discovered the '202 patent and the facts underlying his claims against Defendant

2  in February 2005 – as true for purposes of this motion, the Court finds that Plaintiff's

3  causes of action accrued in February 2005.  And since Plaintiff filed his complaint in

4  September 2006, well within any of the aforementioned statutes of limitation, Plaintiff's

5  causes of action are not barred.  Accordingly, the Court denies Defendant's motion to

6  dismiss Counts II through VI.

7

8                  D. **Failure to State a Claim under 35 U.S.C. § 256**

9          Defendant contends that Plaintiff's complaint fails to state a claim for correction of

10  inventorship under 35 U.S.C. §256.  Section 256 authorizes the Court to correct two

11  errors in inventorship, misjoinder and nonjoinder.  <u>Stark v. Advanced Magnetics, Inc.,</u>

12  119 F.3d 1551, 1553 (9th Cir. 1997).  Misjoinder occurs when a patent erroneously lists a

13  person who is not an inventor; and nonjoinder occurs when a patent fails to list a person

14  who is an inventor.  <u>Id.</u>  Specifically, misjoinder occurs "[w]henever through error a

15  person is named in an issued patent as the inventor"; and nonjoinder occurs whenever

16  "through error an inventor is not named in an issued patent and such error arose without

17  any deceptive intention on his part."  35 U.S.C. §256.  Further, in cases of nonjoinder,

18  "the error cannot involve any deceptive intention by the nonjoined inventor."  <u>Stark</u>, 119

19  F.3d at 1553.

20          Section 256 also states that "[t]he error of omitting inventors or naming persons

21  who are not inventors shall not invalidate the patent in which such error occurred if it can

22  be corrected."  Indeed, "section 256 allows deletion of a misjoined inventor whether that

23  error occurred by deception or by innocent mistake.  As well, the section allows addition

24  of an unnamed actual inventor, but this error of nonjoinder cannot betray any deceptive

25  intent by that inventor."  <u>Stark</u>, 119 F.3d at 1555.

26          In this case, Plaintiff's complaint alleges both misjoinder and nonjoinder, that

27  Defendant erroneously named himself as the inventor of the product embodied in the '202

28  patent and that Plaintiff is the true inventor of that product.  But Defendant contends that

1   Plaintiff's section 256 claim must fail because Plaintiff also alleges that Defendant

2   engaged in inequitable conduct in obtaining the '202 patent.  However, Plaintiff does not

3   seek to invalidate the '202 patent based on Defendant's alleged inequitable conduct.

4   Plaintiff only seeks to correct the ownership of the '202 patent under 35 U.S.C. §256; and

5   as discussed in the previous paragraph, section 256 and Ninth Circuit precedent clearly

6   establish that a plaintiff may seek correction of inventorship based on both nonjoinder

7   and misjoinder while also alleging that the misjoinder occurred as a result of the

8   defendant's misrepresentation(s).  The only caveat is that a plaintiff may not seek

9   correction of inventorship through nonjoinder if the plaintiff himself engaged in

10  inequitable conduct.  But Defendant does not allege that.  And thus the Court finds that

11  Plaintiff did not fail to state a claim under 35 U.S.C. §256.

12

13                          E. **Failure to Properly Plead Under Rules 8 and 9(b)**

14          Defendant contends that Plaintiff failed to sufficiently plead under Rule 8.  Rule

15  8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing

16  that the pleader is entitled to relief."  The main purpose of the complaint is to put the

17  defendant on notice of the nature of the plaintiff's claims; and as such, the plaintiff must

18  set forth enough details so as to provide the defendant and the Court with a fair idea of the

19  basis of the complaint and the legal grounds for recovery.  Self Directed Placement Corp.

20  v. Control Data Corp., 908 F.2d 462 (9th Cir. 1990).  However, the "[p]laintiff is not

21  required to plead facts supporting each and every element of his prima facie case."

22  Greenier v. Pace, Local No. 1188, 201 F.Supp. 2d 172, 176 (D.Me. 2002).

23          In his complaint, Plaintiff alleges that he is the true inventor of the product

24  embodied in the '202 patent; and that Defendant stole and patented his invention.  All of

25  Plaintiff's claims arise out of these allegations.  Thus, Plaintiff's complaint sufficiently

26  puts Defendant on notice of Plaintiff's claims, and the Court denies Defendant's motion

27  to dismiss Plaintiff's complaint for failure to sufficiently plead under Rule 8.

28

1    However, Defendant also contends that Plaintiff failed to plead with the

2    particularity required under Rule 9(b).  Rule 9(b) requires that "[i]n all averments of fraud

3    or mistake, the circumstances constituting fraud or mistake shall be stated with

4    particularity."  Mere conclusory allegations of fraud are insufficient under Rule 9(b).

5    Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).  Instead,

6    Rule 9(b) requires that defendants have sufficient notice of the specific misconduct that is

7    allegedly fraudulent "so that they can defend against the charge and not just deny that

8    they have done anything wrong."  Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.

9    2001).

10    Although Defendant contends that Plaintiff's complaint is grounded in fraud and

11    thus contains insufficient conclusory allegations under Rule 9(b), Plaintiff does not

12    merely allege that Defendant engaged in some unspecified fraudulent behavior and thus

13    Plaintiff is entitled to relief.  Instead, Plaintiff specifically alleges that (1) he invented the

14    product embodied in the '202 patent; (2) he and Defendant entered into a license

15    agreement in 1992 that covered the product embodied in the '202 patent; (3) Plaintiff

16    purportedly terminated that license agreement in 1997; (4) thereafter, unbeknownst to

17    Plaintiff, Defendant applied for and received the '202 patent by falsely claiming that he

18    invented the product embodied in the '202 patent; and (5) Defendant subsequently

19    manufactured and marketed the product embodied in the '202 patent outside of the 1992

20    license agreement.  All of Plaintiff's claims arise out of these allegations, and the

21    allegations are clearly sufficient to place Defendant on notice of the specific misconduct

22    that is allegedly fraudulent so that Defendant can defend against the charge and not just

23    deny that he has done anything wrong.  Thus, Plaintiff's complaint satisfies the

24    particularity requirement under Rule 9(b), and the Court denies Defendant's motion to

25    dismiss Plaintiff's complaint for failure to plead with particularity under Rule 9(b).

27    **Accordingly,**

1  **IT IS HEREBY ORDERED** that Plaintiff's motion for entry of default is

2  DENIED.  (Dkt. #13).

3  **IT IS FURTHER ORDERED** that Defendant's motion to dismiss is DENIED.

4  (Dkt. #11).

5  **IT IS FURTHER ORDERED** that Defendant must file an answer within 14 days

6  pursuant to Rule 12(a)(4).

7  **IT IS FURTHER ORDERED** that Oral Argument set for February 25, 2008, is

8  VACATED.

9

10  DATED this 28th day January, 2008.

11

12

13  Mary H. Murgula
   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28